■ RUDOLPH A. BARKOVICH et al., Respondents, v. ABRAHAM D. BEAME, as Comptroller of the City of New York, et al., Appellants.

APPEAL from an order of the Supreme Court at Special Term, entered April 2, 1965, in Bronx County, in a proceeding under CPLR article 78, which ordered that respondents increase petitioners' salaries.

Order entered April 2, 1965 granting certain increases in petitioners' salaries, reversed on the law, without costs or disbursements, and the petition dismissed, without costs, on the authority of *Matter of Dreher* v. *Wagner* (14 N Y 2d 926).

STEUER, J. (dissenting). I cannot agree that *Matter of Dreher* v. *Wagner* (14 N Y 2d 926) controls this application. Prior to September 1, 1962, petitioners were attendants in the Bronx County Court. On that day, by virtue of consolidation, they became attendants in the Supreme Court. Prior to consolidation their salaries were $7,500 per annum. The salary of Supreme Court Attendants was $7,605 per annum. On July 1, 1963, the salary for the position was increased to $8,313.40 per annum but petitioners' salaries were increased to $8,200. At subsequent dates certain of the petitioners were paid the full salary of $8,313.40. The petition seeks the difference for the period beginning

September 1, 1962, between what was paid to each petitioner and the salary of the position, namely, attendant in the Supreme Court.

*Matter of Dreher* v. *Wagner* (*supra*) dealt with a salary question involving persons holding a like office but for a different period, namely, prior to September 1, 1962. It was there held that, when the Justices of the Supreme Court in Kings County fixed salaries pursuant to former section 349 of the Judiciary Law in anticipation of the loss of mandatory power so to do, the salaries so fixed could not be recovered by way of a mandamus directed against the new budgetary authority, the Board of Estimate.

The instant application is entirely different. All of the salaries in question were fixed by the Board of Estimate and there is no question presented by the transfer of the power of fixing salaries, nor any attempt to usurp that power by anticipatory action. *Matter of Dreher* v. *Wagner* (*supra*) does not hold that mandamus will never lie to enforce the payment of salary but only where there is an arguable question as to the legal right to the salary. The arguable question in *Dreher* was whether there was a legal right to a salary fixed according to law but under circumstances of questionable propriety.

The question here is whether the Board of Estimate can single out individuals holding the same position in the service and pay them different salaries, or whether all must be paid a like remuneration. At the outset, this is distinctly not a question of like pay for like services. While this would represent a desirable state of affairs, it is entirely impracticable. In our complex administration it would be a Sisyphean task to attempt to equalize the value of work done by individuals in different departments, or even in different branches or geographical areas of the same department. Nor are we here concerned with increments due to length of service which may properly effect discrepancies in salaries of the same position. The question is solely one of base pay of different individual employees in the identical position. No authorization has been shown for the fixation of individual salaries in the classified service on an *ad hoc* basis, or for any other than a uniform base pay for the position.

Section 35 (subd. 1) of article VI of the Constitution provides that non-judicial personnel of the courts affected by the article shall be continued to the extent practicable in the courts established or continued by the article. As regards these petitioners, that has been done by continuing them in the position of attendant in the Supreme Court. The section further provides that the continuation be without diminution of salary and with the same status and rights in the court to which they may be assigned. Surely one of the rights of any position is to receive the salary designated for it. It could hardly be claimed that, because of the fact that the transfer should not result in a diminution of salary, a salary less than that fixed for the position is called for.

The order should be affirmed.

Breitel, J. P., Rabin and McNally, JJ., concur in decision; Steuer, J., dissents in opinion.